IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LYMAN DOSSETT**                                                                 **PLAINTIFF**

**v.**                                                         CIVIL ACTION NO.: 5:23-cv-101-DCB-LGI

**SYSCO JACKSON, LLC.**                                                      **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Lyman Dossett, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) and the Age Discrimination in Employment Act of 1967, as amended (ADEA), against the Defendant, Sysco Jackson, LLC. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Lyman Dossett, is a 58-year-old male resident of Adams County, Mississippi.

2.      Defendant, Sysco Jackson, LLC, is a Delaware limited liability corporation licensed to do business in the state of Mississippi that may be served with process through its registered agent: Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

**JURISDICTION AND VENUE**

3.      This Court has federal question and civil rights jurisdiction for a cause of action arising under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) and the Age Discrimination in Employment Act of 1967, as amended (ADEA).

1

4. This Court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

5. Plaintiff timely filed his Charge of Discrimination with the EEOC on July 27, 2023, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on August 29, 2023, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Notice of Right to Sue.

## STATEMENT OF FACTS

6. Plaintiff is a 58-year-old male resident of Adams County, Mississippi.

7. Plaintiff was hired on or around July 5, 2000, as a Sales Consultant at Sysco Jackson, LLC.

8. Plaintiff performed his role at Sysco at a high level and received many awards over the years that he was employed there.

9. On February 14, 2023, Sales Consultant Supervisor Joshua Johns phoned and informed Plaintiff that he was being laid off.

10. When Mr. Johns gave Mr. Dossett the news, he told him that "if I had to pick someone in the district to lay off, it wouldn't be you."

11. In the weeks that followed, however, Plaintiff received a contradictory letter from Sysco, which stated that he was terminated allegedly due to "poor performance."

12. However, Plaintiff claims that during his time at Sysco, he never received any write-ups or suspensions from the company.

13. Plaintiff did not receive a notification regarding COBRA options within the required 45 days following his termination.

14. The COBRA letter sent and eventually received by Plaintiff is stamped and dated May 15, 2023.

15. After he was terminated, Plaintiff learned that his route has been taken over by his boss, Mr. Joshua Johns, a male in his late 30s.

16. Mr. Johns then passed on these routes to Ryan Boles (male in his late 30s/early 40s).

## CAUSES OF ACTION

## COUNT I:  VIOLATION OF CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT OF 1985 ("COBRA"), 29 U.S.C. § 1161

17. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 16 above as if fully incorporated herein.

18. Defendant failed to timely notify Plaintiff about the availability of continuing his insurance coverage pursuant to 29 U.S.C. § 1166, known as COBRA.

19. An employer is required to give an employee timely notice about the possibility of continuing insurance coverage under COBRA if an employee is terminated.

20. When Plaintiff was terminated by Defendant, he experienced a "qualifying event" as contemplated by 29 U.S.C. § 1163(2).

21. Defendant did not terminate Plaintiff for any sort of misconduct on his part.

22. Despite Plaintiff's qualifying event, he was not given timely notice of his rights of continued coverage under Defendant's health insurance plan under the notice provision of the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA").

23. As such, Defendant had a duty to provide notice to Plaintiff pursuant to 29 U.S.C. § 1166 of his rights under COBRA within a maximum of 44 days of the date of hid termination.

24. Defendant failed to provide Plaintiff with notice of his rights under COBRA within a maximum of 44 days of the date of his termination.

25. The Defendant's failure to notify Plaintiff of his right to extend coverage after the Defendant terminated Plaintiff violated 29 U.S.C. § 1161 and 1166.

### COUNT II:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT – AGE DISCRIMINATION

26. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 25 above as if fully incorporated herein.

27. As described in more detail above, Defendant has discriminated against Plaintiff because of his age which constitutes a violation of the Age Discrimination in Employment Act of 1967, as amended.

28. As a result, Plaintiff has suffered lost wages, benefits and other pecuniary losses.

29. The unlawful actions of Defendant complained of above were willful and taken in reckless disregard of the statutory rights of Plaintiff, thus entitling Plaintiff to liquidated damages pursuant to the ADEA.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement or future wages in lieu of reinstatement;
2. Compensatory damages;
3. Liquidated damages;
4. A tax gross-up and all make whole relief;
5. Attorney's fees;
6. Lost benefits;
7. Pre-judgment and post-judgment interest;
8. Costs and expenses; and
9. Such further relief pursuant to the ADEA and/or COBRA as is deemed just and proper by the Court.

THIS the 21st day of November 2023.

              Respectfully submitted,

              LYMAN DOSSETT, Plaintiff

       By: /s/Louis H. Watson, Jr.
          Louis H. Watson, Jr. (MB# 9053)
          Nick Norris (MB# 101574)
          Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com